GARRETT E. LAMB, EXR., *v.* ALBERT G. RUSSELL.

1. PRACTICE. *Attachment. Claimants' issue. Service of Process.*

  When there has been no service of process of any kind of an ancillary writ of attachment, the trial of a claimants' issue after judgment by default for the debt is premature.

2. SAME. *Summons. Return of service. Good on face. Plea.*

  A return of personal service by delivery of a copy of the summons to one described as defendant's agent being good on its face, objection thereto should be made by plea.

3. FOREIGN CORPORATION. *Insolvency. Stockholders. Preference.*

  An insolvent corporation can not prefer a stockholder to whom it is indebted, nor his estate after his death.

4. SAME. *Conflict of laws.*

  The validity of a preference created by an insolvent foreign corporation in favor of a stockholder who asserts in virtue thereof a claim to property attached in this state as that of such corporation will be determined by the law as announced in this state unless the contrary view adopted in the state of the corporation's domicile is based upon the construction of a statute of such state.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

The appellee, Russell, was plaintiff in the court below, the action being against the Iowa Packing & Provision Company, defendant, and the appellant Garrett E. Lamb, executor of Artemus Lamb, interposed a claim to the credits of the defendant which had been made the subject of garnishment.

Russell brought suit in the circuit court against the Iowa Packing & Provision Company, a foreign corporation, to recover damages in the sum of $861.76. Summons was issued, and the sheriff made the following return thereon: "I have

this day executed the within writ personally upon the within-
named defendant, the Iowa Packing & Provision Company,
by handing to E. N. Nagle, the agent of said company,
a true copy of this writ.'' The next day an ancillary writ
of attachment was taken out. Upon this writ the sheriff
returned that he had summoned certain persons named to
answer as garnishees, and neither the defendant company
nor any property could be found in the country. No
publication for the defendant was made, nor any service
of process of any kind, after the attachment writ was is-
sued. Judgment by default was taken against the defendant
for the amount sued for. The garnishees answered, admitting
certain indebtednesses to the defendant. Afterwards Garrett
E. Lamb, as executor of the estate of Artemus Lamb, of Iowa,
interposed a claim to the several sums admitted to be due by
the several garnishees, and he was admitted by the court to
propound his said claim, and filed his affidavit and bond. Is-
sue was joined on the claim thus propounded, and in June,
1902, the claimant's issue was tried, and resulted in a verdict
and judgment for plaintiff. Claimant appeals. The claimant
testified by deposition that Nagle, at the time of the service of
the summons, was not the agent of the defendant; and, that
the debts garnished had been assigned to him as executor by
the defenant through himself as secretary. The opinion of the
court contains a statement of the other material facts.

*Dabney & McCabe*, for the appellant.

1. The burden of proof being on the plaintiff, when he
rested after introducing only a judgment which was invalid for
the reason that there had been no service of summons except
upon a person who was shown not to have been defendant's
agent, the court should have given judgment for the claimant.
*Dickman* v. *Williams*, 50 Miss., 500; Code, 1892, § 159;
*French* v. *Sale*, 60 Miss., 516.

2. The assignment was for a sufficient consideration, its ef-

fect being to credit a very small sum on the large indebtedness of the company to plaintiff's testator. The claimants' assignment as secretary of the company of these little claims to himself as executor was not invalid. 1 Am. & Eng. Ency. Law (2d ed.), 1073, 1074, 1076, 1080; *Remick* v. *Butterfield*, 31 N. H., 70; *Eastern Bank* v. *Taylor*, 41 Ala., 100; *Temple* v. *Cain*, 60 Miss., 478; *Lane* ·v. *Wheless*, 46 *Ib.*, 666, 668; *ex parte Heyfron*, 7 How., 127; *Given* v. *McCarroll*, 1 Smed. & M., 351; *Enos* v. *Smith*, 7 Smed. & M., 85; *Jenkins* v. *State*, 33 Miss., 382; 17 Am. & Eng. Ency. Law (2d ed.), 1046. The case of *Wildberger* v. *Insurance Co.*, 72 Miss., 338, has no application to this cause for the reason that the company is not complaining, but a third person who had no interest in the property at the time of the transfer.

3. The preference created in this case was not in favor of an officer or director of the company as in the cases of *Love Mfg. Co.* v. *Queen City Mfg. Co.*, 74 Miss., 290; and *King* v. *Wooldridge*, 78 Miss., 179, which are opposed to the view expressed in *Buell* v. *Buckingham*, 85 Am. Dec., 516. See also 7 Am. & Eng. Ency. Law (2d ed.), 734.

*McLaurin, Armistead & Brien*, for the appellee.

The appellant could not attack the judgment against the defendant by merely stating in his deposition that Nagel, when served with process was not defendants' agent. *Mayer* v. *Whitehead*, 62 Miss., 387; *Mayfield* v. *Barnard*, 43 Miss., 270; *Quarles* v. *Hearn*, 70 Miss., 894.

The assignment of the appellant as secretary of the defendant company of the claims against the garnishees to himself as executor to secure a debt due from defendant to his testator was absolutely void. *Wildberger* v. *Insurance Co.*, 72 Miss., 338; *Greenwood Ice Co.*, v. *Insurance Co.*, *Ib.*, 46; 7 Thompson Com. on Corp., secs. 8496, 8501; 5 *Ib.*, secs. 6498, 6504.

Under the decisions of our own supreme court the assignment, in view of the insolvency of the corporation, and the character

of the appellant's testator as a stockholder, was fraudulent and void as to creditors of the company. *King* v. *Wooldridge*, 78 Miss., 179.

CALHOON, J., delivered the opinion of the court.

Looking over the whole record, this cause must be sent back to stand for action as a pending case in the court below. There appears no service of process in any shape on the Iowa corporation on the attachment issue, and so the trial of the claimant's issue was premature. *French* v. *Sale*, 60 Miss., 530. The objection to the service of process on the main suit upon the declaration should be by plea. It is valid on its face.

The presentation in the deposition of Garrett E. Lamb shows no right in him as executor. The corporation was insolvent. Its capital stock was $50,000. Of this, Artemus Lamb, the father and testator of claimant, owned $29,000. It owed $70,000, all to Artemus Lamb, who was not only a stockholder to the extent of about 60 per centum of the entire capital stock, but also its president, and also its creditor. It owed him $70,000. Its entire assets were $2,500. Under the repeated adjudications of this court, the insolvent corporation could not prefer him, and so, of course, could not prefer his estate. The action of our court is in line with the weight of authority. (3 Clark & M. Priv. Corp., sec. 786*b*.) If the Iowa court held differently, it is upon their own view of the law, and not in the construction of any statute of that state, and so cannot bind us.

*Reversed and remanded.*